[No. 29248. Department Two. April 13, 1944.]

FLOYD F. FIELDS, *as Administrator, et al., Appellants,* v.
EDWIN ANDRUS, *Individually and as Executor,*
*Respondent.*[1]

*Paul F. Scharpenberg* and *F. L. Stotler,* for appellants.

*H. J. Welty,* for respondent.

MALLERY, J.—This action was brought by Floyd F. Fields, as administrator *de bonis non* of the estate of Marian Andrus, deceased, and Ruth Plowman, individually, for the purpose of determining that there were unadministered assets in the estate of Marian Andrus, and to set aside the award in lieu of homestead to Ed Andrus, the husband of Marian Andrus. The plaintiffs appeal from the decree of the trial court.

The appellants contend that the trial court erred in affirming the award in lieu of homestead in the Marian Andrus estate and in finding that a partnership existed between the community of Ed Andrus and Marian Andrus,

[1]Reported in 148 P. (2d) 313.

husband and wife, and their son, Edwin Andrus, at the time of Marian Andrus' death on July 3, 1940.

Marian Andrus, the wife of Ed Andrus, died intestate, and Ed Andrus was appointed administrator of her estate. He regularly petitioned the court for an award in lieu of homestead, which was granted. The appellants contend that an underappraisal of property and the omission of property from the inventory of her estate, constituted a fraud upon the heirs of Marian Andrus. This is purely a question of fact. From an examination of the record, we are satisfied that the evidence is ample to sustain the findings of the trial court in affirming the award in lieu of homestead.

■ Upon the question of sufficiency of the evidence to sustain the trial court's finding that a partnership existed between Ed Andrus and his son, Edwin Andrus, on July 3, 1940, the facts are as follows:

Sometime in 1930, the community of Ed Andrus and Marian Andrus acquired a transfer business in the city of LaCrosse, Washington. In 1936, their youngest son, Edwin, upon graduation from high school, went to work in the transfer business. Trucks and other property used in the business were acquired after that time, the titles to which were taken in the name of Ed Andrus. The letterheads and bill heads of the business used the heading: LaCrosse Transfer, Ed Andrus proprietor. The bank account was carried in the name of Ed Andrus. Taxes were paid in the name of Ed Andrus. The business reports, required by the state, were made in his name also. Title to the real estate used in the business was held by Ed Andrus, as grantee. On the other hand, Edwin Andrus, the son, never drew any wages, as such. He habitually drew checks on the bank account standing in his father's name. When a certain chop mill was purchased for use in the business, the vendor testified that the father would not buy the property without consulting with and securing the consent of the son; and that the father stated that they were partners. All this was prior to the death of Marian Andrus, the mother of Edwin. The business was conducted in the same manner afterward. There was no written partnership agreement. However,

when Ed Andrus petitioned for letters of administration in the estate of Marian Andrus, deceased, he described the property of the community estate as including only a one-half interest in the LaCrosse Transfer. We quote his admission against interest:

"One-half interest in the LaCrosse Transfer, a co-partnership consisting of Ed Andrus, Jr., the assets of which consist of three trucks of the value of about $1,000.00; 1 Ford automobile of the value of $300.00; Feed mill and coal bins of the value of about $600.00 which one-half interest in said business is valued at approximately $950.00"

Ed Andrus died, testate, November 21, 1942. Edwin Andrus was appointed executor of his estate and continued to operate the transfer business.

■ Appellants contend that, even if we find the evidence sufficient to sustain a finding that Ed Andrus intended to form a partnership with his son (which we do), nevertheless, his acts would not be binding on the heirs of Marian Andrus, for the reason that he was without the power to do so in the absence of a showing that the son had bought and paid for his partnership interest or that the deceased wife, Marian Andrus, had consented to the formation of the partnership and to a gift out of community property of the son's interest therein.

While the husband may not give the community property away without the consent of the wife, he may, as the statutory agent of the community and manager of the community personal property, enter into a partnership without the wife's consent. The son contributed his labor to the partnership over a period of years. It constitutes a consideration for his interest therein and hence it was not a gift.

The decree is affirmed.

JEFFERS, BEALS, MILLARD, and ROBINSON, JJ., concur.